UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WALRUS MASTER FUND LTD.,

      Plaintiff,      Case No.:08-cv-02404 (DAB)

   -against-

                  **AFFIDAVIT IN OPPOSITION**

CITIGROUP GLOBAL MARKETS, INC.,

      Defendant.

------------------------------------------------------------x

**FRANCIS BIGELOW**, being duly deposed, states under the penalties of perjury as follows:

1. **Exhibit A** hereto is a Hearing Board Decision from the New York Stock Exchange dated March 24, 2008, regarding CGMI, and a record from the Financial Industry Regulatory Authority website regarding an enforcement action against CGMI.

Dated: May 20, 2008

_____       _____
Notary Public                    Francis Bigelow

MICHAEL CRESPO
Commissioner of Deeds, City of New York
No. 3-6865
Cert. Filed in New York County
Commission Expires Sept. 26, 2008

# NEW YORK STOCK EXCHANGE LLC

**NYSE HEARING BOARD DECISION 08-15**　　　　　　　　　　　　March 24, 2008
CITIGROUP GLOBAL MARKETS INC.
MEMBER ORGANIZATION

\* \* \*

**Violated NYSE Rules 123(e) and 123(f) by failing to provide certain required data needed to link entry of orders with reports of execution in Front End Systemic Capture system; violated NYSE Rule 342 by failing to implement adequate controls, including separate system of follow-up and review, reasonably designed to fully remediate Firm's order management system to meet NYSE technical specifications in timely manner and thereby prevent violations of NYSE Rule 123(e) and NYSE Rule 123(f) – Consent to censure and $100,000 fine.**

**Appearances:**

For the Division of Enforcement
Robert A. Marchman, Esq.
Steven J. Brostoff, Esq.
Kenneth R. Bozza, Esq.
Thomas C. Bruno, Esq.
Daniel N. Hoeffner, Esq.
Leigh W. Duffy

For Respondent
James Tyne, Esq.

\* \* \*

A Hearing Officer on behalf of the New York Stock Exchange LLC ("NYSE") considered a Stipulation of Facts and Consent to Penalty entered into between NYSE Regulation, Inc.'s Division of Enforcement ("Enforcement") and Citigroup Global Markets Inc. ("Respondent" or the "Firm" or "Citigroup"), an NYSE member organization. Without admitting or denying guilt, Respondent consented to a finding by a Hearing Officer that it:

　I.　Violated NYSE Rule 123(e) and NYSE Rule 123(f) in that on thousands of occasions the Firm failed to provide certain required data needed to link the entry of orders with reports of execution in the Front End Systemic Capture system; and

II.  Violated NYSE Rule 342 in that the Firm failed to implement adequate controls, including a separate system of follow-up and review, reasonably designed to fully remediate the Firm's order management system to meet NYSE technical specifications in a timely manner and thereby prevent violations of NYSE Rule 123(e) and NYSE Rule 123(f).

For the sole purpose of settling this disciplinary proceeding, without adjudication of any issues of law or fact, and without admitting or denying any allegations or findings referred to in the Stipulation of Facts and Consent to Penalty, Respondent stipulates to certain facts, the substance of which follows:[*]

## Background and Jurisdiction

1.  Citigroup, a member organization, is a registered broker-dealer that provides services including investment banking, underwriting debt and equity securities and advising corporations, governments and institutions, as well as acting as a full-service global broker-dealer engaged in, among other things, retail brokerage of stocks. Between January 2000 and April 2003, Citigroup operated under the name Solomon Smith Barney Inc. ("SSB") and was a subsidiary of Citigroup Inc. In April 2003, SSB was renamed Citigroup Global Markets Inc.

2.  Enforcement commenced this investigation as the result of a referral from NYSE Regulation's Division of Market Surveillance ("MKS"). By letter dated November 26, 2006, which Citigroup received, Enforcement notified the Firm that it was investigating whether beginning in June 2006 Citigroup and/or any responsible employee(s) were violating, among other things, NYSE Rule 123(e) and NYSE Rule 123(f) by failing to enter required data and/or entering incorrect data into the Front End Systemic Capture database. Additionally, Citigroup was advised that NYSE Regulation was investigating whether the Firm and/or any responsible employee(s) were violating NYSE Rule 342 by failing to implement adequate controls, including a separate system of follow-up and review, reasonably designed to achieve compliance with NYSE Rule 123(e) and NYSE Rule 123(f).

3.  In subsequent correspondences and discussions Citigroup was advised that NYSE Regulation's investigation was ongoing.

## Overview

4.  During the period June 2006 through December 2007 ("the Relevant Period"), Citigroup violated NYSE Rule 123(e) and NYSE Rule 123(f), resulting in thousands of occasions in which the Firm failed to provide certain required data needed to link the entry of orders with reports of execution in the Front End Systemic Capture ("FESC") system. The violations resulted from systemic data coding issues and were

---

[*] Hearing Officer Note: The facts, allegations, and conclusions contained in paragraphs 1 to 16 are taken from the executed Stipulation of Facts and Consent to Penalty between Enforcement and Respondent. No changes have been made to the stipulated paragraphs by the Hearing Officer.

mostly attributable to the fact that the order management system Citigroup was using was not programmed in accordance with NYSE technical specifications as set forth in NYSE Information Memo ("IM") 05-13 and NYSE IM 06-67. During the Relevant Period, Citigroup also violated NYSE Rule 342 by failing to implement adequate controls, including a separate system of follow-up and review, reasonably designed to fully remediate the Firm's order management system to meet NYSE technical specifications in a timely manner and thereby prevent violations of NYSE Rule 123(e) and NYSE Rule 123(f), as was the Firm's obligation. Although the violations did not have any impact on the public reporting of trade data or activity, the violations impaired MKS's ability to perform certain surveillances that utilized FESC data.

### Front End Systemic Capture ("FESC")

5. FESC captures and electronically time-stamps all orders (including order modifications and/or cancellations) prior to representation or execution at the point-of-sale, which is designed to enhance regulatory surveillance. The FESC system was implemented to detect instances where Floor brokers executed orders with no actual order in their possession, *i.e.*, trading ahead of customer orders to the benefit of the broker or engaging in improper on-Floor trading in violation of NYSE rules and federal securities laws. During the Relevant Period MKS's FESC surveillance system identified various exception types, including instances in which (i) an order was unable to be matched to an execution; (ii) the time of an execution of order was earlier than the time of the order; and (iii) no execution report was found. The FESC data is used to detect violations of NYSE rules and federal securities laws. Accordingly, the receipt of this data in a timely manner and in the required format is important in connection with NYSE Regulation's efforts to fulfill its regulatory mission to maintain the integrity of the marketplace and protect the investing public.

### REGULATORY FRAMEWORK

#### NYSE Rule 123(e)

6. NYSE Rule 123(e) requires that, subject to limited exceptions, no Floor member may, amongst other things, represent or execute an order on the Floor of the NYSE unless the details of that order have first been recorded in an electronic system on the Floor and that any member organization proprietary system used to record the details of the order must be capable of transmitting these details to a designated NYSE database within such timeframe as the NYSE may prescribe. In addition to setting forth the required data elements to be recorded for each order, NYSE Rule 123(e) makes clear that the details of each order must be in such form as the NYSE may from time to time prescribe.

#### NYSE Rule 123(f)

7. NYSE Rule 123(f) requires that execution reports be entered into the same database as required by NYSE Rule 123(e) for the entry of orders and reiterates that any member organization proprietary system used to record the details of an order pursuant to

NYSE Rule 123(e) must also be capable of transmitting a report of the order's execution to such database. In addition to setting forth the required data elements to be recorded for each execution, NYSE Rule 123(f) makes clear that the details of each execution report must be in such form as the NYSE may from time to time prescribe.

<u>NYSE Information Memo 05-13 and NYSE Information Memo 06-67</u>

8. On March 4, 2005, MKS issued NYSE IM 05-13, entitled "NYSE Rule 123(e) and 123(f) – System Capture of Orders and Trade Reports" that set forth new requirements addressing certain technology issues that resulted from the use of different order management systems to enter, process and report orders and trades. IM 05-13 provided specific programming requirements tailored to the different order management systems and processes and set forth a target date of April 29, 2005 for implementation of those specific programming requirements to have been completed.

9. On September 15, 2006, having determined that some firms were still not complying with their FESC obligations, MKS issued NYSE IM 06-67, entitled "NYSE Rule 123(e) and 123(f) – Systemic Capture of Orders and Trade Reports." IM 06-67 noted that some proprietary order management systems continued to be improperly programmed and reminded members and member organizations of the importance of following the specific programming requirements set forth in IM 05-13, as well as the consequences for failing to do so, including regulatory action.

<u>NYSE Rule 342</u>

10. NYSE Rule 342 requires, among other things, that a member organization reasonably supervise its business activity and implement adequate controls, including a separate system of follow-up and review, reasonably designed to achieve compliance with NYSE rules.

**VIOLATIVE CONDUCT**

11. During the Relevant Period, Citigroup repeatedly violated NYSE Rule 123(e) and NYSE Rule 123(f), resulting in thousands of occasions in which the Firm failed to provide data needed to link the entry of orders with reports of execution in FESC.

12. The bulk of all the Firm's FESC exceptions that occurred during the Relevant Period involved instances in which no execution report was found in FESC. This exception type primarily involved systemic data coding issues, in that while orders and/or execution reports were indeed being sent to FESC by Citigroup, they were not in the proper format and thus could not be matched with one another within the FESC system.

13. The violations at issue impaired MKS's ability to perform certain surveillances, which utilized FESC data.

14. While Citigroup took certain steps to resolve the Firm's FESC related issues during the Relevant Period, the time taken to fully remediate all data coding issues was

excessive under the circumstances. Despite the fact that Citigroup had received notification of its FESC obligations as early as May 2005 with the release of IM 05-13, and even taking account of certain challenges in connection with certain data coding issues, the Firm failed to implement adequate controls, including a separate system of follow-up and review, reasonably designed to fully remediate the Firm's order management system to meet NYSE technical specifications in a timely manner and thereby prevent violations of NYSE Rule 123(e) and NYSE Rule 123(f), as was the Firm's obligation. The Firm's failures in this regard are evidenced by the fact that the Firm continued to generate exceptions during late 2006 and throughout 2007, even after the release of IM 06-67 in September 2006.

15. Citigroup's failure to reasonably supervise and implement adequate controls, including a separate system of follow-up and review, reasonably designed to achieve compliance with the Firm's FESC obligations, as described above, constitutes a failure to supervise on the part of the Firm in violation of NYSE Rule 342.

## ADDITIONAL FACTORS CONSIDERED

16. In arriving at the agreed upon penalty in this matter, Enforcement took into consideration: (i) Citigroup's representations and remedial actions to avoid future violations of NYSE Rule 123(e) and NYSE Rule 123(f); and (ii) the efforts of Citigroup and other member firms with FESC reporting issues in coordination with the NYSE to develop enhancements designed to strengthen member firms' ability to identify and correct future FESC reporting issues.

## DECISION

The Hearing Officer, in accepting the Stipulation of Facts and Consent to Penalty, found Respondent guilty as set forth above.

## PENALTY

In view of the above findings, the Hearing Officer, imposed the penalty consented to by Respondent of a censure and a $100,000 fine.

For the Hearing Board

Peggy Kuo - Chief Hearing Officer

www.finra.org/brokercheck

### Disclosure 32 of 279

| | |
|---|---|
| Reporting Source: | Firm |
| Current Status: | Final |
| Allegations: | ALLEGATION THAT THE FIRM VIOLATED JUST AND EQUITABLE PRINCIPLES OF TRADE BY CANCELLING AN ORDER AND TRANSACTING IT AT A DIFFERENT PRICE ON A DIFFERENT EXCHANGE |
| Initiated By: | PACIFIC EXCHANGE, INC. |
| Date Initiated: | 10/15/2003 |
| Docket/Case Number: | ENFORCEMENT CASE NO. OS0206051 |
| Principal Product Type: | Options |
| Other Product Type(s): | |
| Principal Sanction(s)/Relief Sought: | Civil and Administrative Penalt(ies) /Fine(s) |
| Other Sanction(s)/Relief Sought: | CENSURE, EDUCATIONAL UNDERTAKING |
| Resolution: | Settled |
| Resolution Date: | 04/14/2004 |
| Sanctions Ordered: | Censure<br>Monetary/Fine $15,000.00 |
| Other Sanctions Ordered: | EDUCATIONAL UNDERTAKING |
| Sanction Details: | ONLY FOR PURPOSES OF THIS PROCEEDING AND WITHOUT ADMITTING OR DENYING THAT VIOLATIONS OF EXCHANGE RULES OCCURRED, THE FIRM CONSENTED TO A STIPULATION OF FACTS AND FINDINGS AND CONSENTED TO A CENSURE, A $15,000.00 FINE AND AN EDUCATIONAL UNDERTAKING FOR THE FIRM'S OPTIONS TRADING STAFF. |
| Summary: | ON APRIL 14, 2004 THE FIRM WAS NOTIFIED OF ACCEPTANCE OF SETTLEMENT BY THE EXCHANGE. THE FIRM CONSENTED TO A CENSURE, A FINE IN THE AMOUNT OF $15,000.00 AND AN EDUCATIONAL UNDERTAKING FOR THE FIRM'S OPTIONS TRADING STAFF |

### Disclosure 33 of 279

| | |
|---|---|
| Reporting Source: | Regulator |
| Current Status: | Final |
| Allegations: | THE FIRM VIOLATED EXCHANGE RULE 320(B) BY FAILING TO REASONABLY |

©2008 FINRA. All rights reserved.    Report# 79003-70435 generated on Friday, February 01, 2008 about CITIGROUP GLOBAL MARKETS INC.    118